UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLIE KIMMEL**, | Docket No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **BOWFLEX, INC., f/k/a NAUTILUS, INC.**, | |
| Defendant. | |

## COMPLAINT

Plaintiff, **KYLIE KIMMEL**, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **KLINE & SPECTER, P.C.**, hereby submits the following Complaint and Demand for Jury Trial against Defendant, **BOWFLEX, INC. f/k/a NAUTILUS, INC.** (hereafter referred to as "BowFlex" and "Defendant"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant, BowFlex, Inc., formerly known as Nautilus, Inc. and doing business as "Bowflex," designs, manufactures, markets, imports, distributes, and sells a wide variety of home exercise equipment, including the subject "Bowflex Ultimate® 2 Home Gym," Model "Bowflex Ultimate 2" (referred to hereafter as "Bowflex Ultimate 2 Home Gym(s)" or "Subject Home Gym(s)") that is at issue in this case.

2. Defendant touts its Bowflex Ultimate 2 Home Gym as "the best home fitness product available" and states that its "exceptional resistance and quality is unmatched by any other single

1

piece of home fitness equipment available."[1]

3. Despite Defendant's claims of "exceptional quality," it designed, manufactured, warranted, marketed, advertised, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4. Specifically, since 2006, the Bowflex Ultimate 2 Home Gym has been subject to not one, but **_three separate recalls_** involving **_four separate defects_**. One such defect involves the machine's horizontal seat rail which, if not manually latched, can fall on unexpected users and bystanders, posing a risk of injury – just as it did to the Plaintiff in this case.

5. Defendant knew or should have known of these defects, but nevertheless decided to put profit ahead of safety by continuing to sell the Bowflex Ultimate 2 Home Gym to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to pull the dangerously defective home gym systems off the market regardless of the risk of significant injuries to Plaintiff and consumers like her.

6. As a direct and proximate result of Defendant's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF KYLIE KIMMEL

7. Plaintiff Kylie Kimmel resides in the City of Royersford, County of Montgomery, Commonwealth of Pennsylvania. Plaintiff is therefore deemed a resident and citizen of the Commonwealth of Pennsylvania for purposes of diversity pursuant to 28 U.S.C. § 1332.

---

[1] *See* Bowflex Ultimate 2 Assembly Instructions, p. 1.
https://download.nautilus.com/supportdocs/AM/Bowflex/BFX_Ultimate2_AM_RevC_web.pdf
(last accessed January 16, 2024).

8. On or about January 28, 2022, Plaintiff suffered serious and substantial head injuries as the direct and proximate result of the Bowflex Ultimate 2 Home Gym's seat and seat rail unexpectedly dropping down and hitting Plaintiff on the head. The incident occurred as a result of a defective, recalled horizontal seat rail and latch system, which is intended to keep the machine's horizontal seat rail latched into a vertical position for easy storage. In addition, the incident occurred as a result of Defendant's failure to redesign the Subject Home Gym, despite the existence of economical, safer alternative designs.

### DEFENDANT BOWFLEX, INC. f/k/a NAUTILUS, INC.

9. Defendant BowFlex, Inc. designs, manufactures, markets, imports, distributes and/or sells a variety of home exercise equipment including ellipticals, stationary bikes, treadmills, and home gyms, amongst others.

10. Defendant boasts that "[f]or the past three decades, BowFlex has consistently been a leader in home gym innovation, designing a variety of space-saving strength and cardio products" and that its products are "known for personalization and quality."[2]

11. Upon information and belief, Defendant BowFlex, Inc., then operating as Nautilus, Inc. d/b/a BowFlex, designed, manufactured, marketed, imported, distributed, and/or sold, the Bowflex Ultimate 2 Home Gym that is at issue in this case.

12. BowFlex, Inc. is a corporation existing under the laws of the State of Washington with its principal place of business located at 17750 SE 6th Way, Vancouver, Washington 98683. Defendant is therefore deemed a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

---

[2] *See*, https://corporate.bowflex.com/our-brands/ (last accessed January 16, 2024).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Plaintiff is a resident of this district and all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

15. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the Commonwealth of Pennsylvania and has intentionally availed itself of the markets within the Commonwealth of Pennsylvania through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

16. Defendant BowFlex, Inc. is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the Bowflex Ultimate 2 Home Gyms at issue in this litigation.

17. Defendant warrants, markets, advertises, and sells its Bowflex Ultimate 2 Home Gym as "the best home fitness product available" and states that its "exceptional resistance and quality is unmatched by any other single piece of home fitness equipment available."[3]

18. Despite its claims of "exceptional quality," BowFlex, Inc. designed, manufactured, warranted, marketed, imported, distributed, and sold, both directly and through third-party

---

[3] *See* Bowflex Ultimate 2 Assembly Instructions, p. 1.
https://download.nautilus.com/supportdocs/AM/Bowflex/BFX_Ultimate2_AM_RevC_web.pdf
(last accessed January 16, 2024).

4

retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injuries to consumers.

19.     Since its inception, the Bowflex Ultimate 2 Home Gym at issue in this litigation has been the subject of not one, but **three separate recalls** involving **four separate defects**.

20.     The Subject Home Gym utilizes a series of pulleys, cables, resistance rods, and other equipment and attachments to allow the user to perform a variety of exercises, such as bench presses, lat rows, calf presses, curls, and crunches:



*See* Bowflex Ultimate 2 Assembly Instructions, p.2.

21.     The machine's use of cables, pulleys, and cable hooks allows the user to not only adjust the amount of resistance, but to easily change out the different accessories and attachments,

essentially allowing the user to recreate a variety of the different machines available at gyms and fitness studios.

22. For easy and convenient storage, the Bowflex Ultimate 2 Home Gym's horizontal seat and seat rail were designed to be latched into a vertical position, however, the Subject Home Gyms are defective in that, amongst other things, the seat rail does not automatically latch into place when in its vertical position, causing the seat to fall on unsuspecting consumers and resulting in head and shoulder injuries.

23. Defendant first became aware of the myriad of issues with its Bowflex Ultimate 2 Home Gyms in 2006. On March 30, 2006, Defendant, in connection with the U.S. Consumer Product Safety Commission (CPSC), issued a voluntary recall to repair for all Bowflex Ultimate 2 Home Gyms purchased prior to December 10, 2005.[4] The Recall Alert noted two defects. First, that "under unique circumstances" the machine "may permit one end of the [machine's] leg extension cable to release from the guide pulley and swing around toward the user."[5] Secondly, Defendant stated that the machine "may permit" the squat attachment cable to disengage, resulting in the squat attachment unexpectedly locking onto the underside rail mid-exercise.[6] Defendant requested that all consumers stop using the machine's leg extension, squat attachment, and abdominal attachment until a repair kit could be sent to them and subsequently installed.

24. Then, on December 6, 2007, Defendant and the CPSC issued a second voluntary recall to repair for all Bowflex Ultimate 2 Home Gyms sold between June 2005 and August 2007 after receiving at least ten reports of "rod box separation" resulting in a variety of injuries.[7] This second

---

[4] *See*, "Recall Alert: Bowflex Ultimate 2® Home Gym." A copy of the Recall Alert is attached hereto as Exhibit A and is incorporated by reference.
[5] *Id*.
[6] *Id*.
[7] *See*, "Nautilus Recalls Bowflex® Ultimate 2 Home Gyms Due to Risk of Injury." A copy of the

recall stated that there was an issue with the fasteners used to secure the "rod box" to the machine's frame, allowing the fasteners to come loose and resulting in the machine's resistance rods and/or rod box separating from the frame and striking users or bystanders.[8]  Consumers were again instructed to immediately stop using the Subject Home Gyms until a repair kit could be sent out and installed.

25. Then, again, on March 3, 2009, Defendant and the CPSC issued a third voluntary recall to repair, recalling all Bowflex Ultimate 2 Home Gyms sold between June 2005 and January 2009 – affecting roughly 78,000 home gyms.[9]  This recall involved a defective horizontal seat rail which, if not manually latched, can unexpectedly fall on the user, posing a serious risk of injury – exactly as it did in this case.  Defendant reported that, at the date of recall, it had received eighteen reports of injuries caused by unlatched seat rails falling on unexpecting consumers.  Defendant sent out yet another repair kit in attempts to remedy the issue.

26. By reason of the forgoing acts or omissions, the above-named Plaintiff and her family used the Subject Home Gym with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use as an exercise machine.

27. Plaintiff used the Subject Home Gym for its intended purpose of exercising, and did so in a manner that was reasonable and foreseeable by the Defendant.

28. However, the aforementioned Bowflex Ultimate 2 Home Gym was defectively and negligently designed and manufactured by the Defendant as described above; placing the Plaintiff,

---

CPSC Recall Alert, dated December 6, 2007, is attached hereto as Exhibit B and is incorporated by reference.
[8] *Id*.
[9] *See*, "Nautilus Recalls Bowflex ® Home Gyms Due to Risk of Injury," Release #09-138.  A copy of the CPSC Recall with Release #09-138 is attached hereto as Exhibit C and is incorporated by reference.

her family, and similar consumers in danger while using the home gyms in a reasonable and foreseeable manner.

29. As a result, on or about January 28, 2022, Plaintiff suffered serious and substantial head injuries as the direct and proximate result of the Bowflex Ultimate 2 Home Gym's seat and seat rail unexpectedly dropping down and hitting Plaintiff on the head. The incident occurred as a result of the machine's defective, recalled horizontal seat rail and latch system, which is intended to keep the machine's horizontal seat rail latched into a vertical position for easy storage.

30. Defendant's Bowflex Ultimate 2 Home Gyms possess defects that make them unreasonably dangerous for their intended use by consumers due to the defects outlined above.

31. Economic, safer alternative designs were available that could have prevented the Subject Home Gyms from suffering from releasing cables, disengaged attachments, loose fasteners, and faulty storage systems.

32. Defendant knew or should have known that its Bowflex Ultimate 2 Home Gyms possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continued to generate a substantial profit from the sale of said home gyms, placing profit of consumer safety.

33. As a direct and proximate result of Defendant's conduct, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous home gym system, which resulted in significant and painful bodily injuries to Plaintiff.

34. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's Bowflex Ultimate 2 Home Gym as described above, which has caused the Plaintiff

to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

35. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

36. At the time of Plaintiff's injuries, Defendant's Bowflex Ultimate 2 Home Gyms were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

37. Defendant's Bowflex Ultimate 2 Home Gyms were in the same or substantially similar condition as when they left the possession of Defendant when Plaintiff used the Subject Home Gym on January 28, 2022.

38. Plaintiff did not misuse or materially alter the Subject Home Gym, including through her use on January 28, 2022.

39. The Subject Home Gyms did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

40. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Subject Home Gyms safe. Specifically:

   a. The Bowflex Ultimate 2 Home Gyms designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the Bowflex Ultimate 2 Home Gyms, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendant failed to warn and place adequate warnings and instructions on the Bowflex Ultimate 2 Home Gyms;

    e. Defendant failed to adequately test the Bowflex Ultimate 2 Home Gyms; and

    f. Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

41. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

42. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

43. Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective home gym systems that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

44. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Bowflex Ultimate 2 Home Gyms in that Defendant knew or should have known that said home gym systems created a high risk of unreasonable harm to the Plaintiff and consumers alike.

45. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its Bowflex Ultimate 2 Home Gyms in that, among other things, it:

    a. Failed to use due care in designing and manufacturing the Bowflex Ultimate 2 Home Gyms to avoid the aforementioned risks to individuals;

10

    b. Placed an unsafe product into the stream of commerce;

    c. Aggressively over-promoted and marketed its Bowflex Ultimate 2 Home Gyms through television, social media, and other advertising outlets; and

    d. Were otherwise careless or negligent.

46. Despite the fact that Defendant knew or should have known of the aforementioned defects, Defendant continued to market its Bowflex Ultimate 2 Home Gyms to the general public.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

47. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

48. Defendant manufactured, supplied, and sold its Bowflex Ultimate 2 Home Gyms with an implied warranty that they were fit for the particular purpose of exercising efficiently and safely.

49. Members of the consuming public, including consumers such as the Plaintiff and her family, were the intended third-party beneficiaries of the warranty.

50. Defendant's Bowflex Ultimate 2 Home Gyms were not fit for the particular purpose as a safe means of exercising, due to the unreasonable risks of bodily injury associated with their use.

51. The Plaintiff and her family reasonably relied on Defendant's representations that its Bowflex Ultimate 2 Home Gyms were a safe and suitable means of exercising.

52. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

53. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

54. At the time Defendant marketed, distributed and sold its Bowflex Ultimate 2 Home Gyms to the Plaintiff and/or her family, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

55. Members of the consuming public, including consumers such as the Plaintiff and her family, were intended third-party beneficiaries of the warranty.

56. Defendant's Bowflex Ultimate 2 Home Gyms were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

57. Plaintiff used the Subject Home Gym with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of exercising.

58. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all

such other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages to which she is entitled by law, as well as all costs of this action to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages in excess of $75,000 to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's Bowflex Ultimate 2 Home Gyms;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case; and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

Date: January 18, 2024

*/s/ Benjamin Present, Esq.*
Benjamin Present, Esq.
1525 Locust Street, 12th Floor
Philadelphia, PA 19102
(215) 772-1000
benjamin.present@klinespecter.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.
*Pro Hac Vice to be filed*
Anna R. Rick, Esq.
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101

(612) 436-1800 /612-436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***